**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDRE DAVID LEFFEBRE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-00402 (UNA) |
| | ) |
| MERRICK B. GARLAND, *et al*., | ) |
| | ) |
| | ) |
| Respondents. | ) |

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on its review of petitioner's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and petition for writ of habeas corpus, ECF No. 1. Though the petition's title references 28 U.S.C. § 2241, petitioner, in fact, declines to name his present custodian as a respondent, and explicitly challenges his federal convictions and sentencing, therefore, the relief he seeks falls under 28 U.S.C. § 2255. For the reasons explained below, the IFP application will be denied, and the case will be dismissed without prejudice.

Petitioner is a federal inmate currently designated to the United States Penitentiary located in Beaumont, Texas. The petition is not a model in clarity, but it appears that petitioner challenges his convictions and sentences that were entered by both the United States District Court for the Southern and Eastern Districts of Texas. As to the case in the Southern District, petitioner alleges that he was denied due process because of the court improperly admitted the testimony of a minor, which he contends constitutes plain error. He also alleges that, in both the Southern and Eastern Districts, his attorneys were ineffective for various reasons. He further alleges that both Districts lacked jurisdiction over his respective cases. He also alleges that, during his pursuit of his direct appeal, the Clerk of Southern District intentionally withheld necessary trial transcripts, thereby

violating his right to equal protection, which he believes to a product of a conspiracy between both

Districts and the federal government.  Finally, he alleges that his convictions violate the Double

Jeopardy Clause, were obtained without evidence or constitutionality, and he generally challenges

that his criminal indictments were defective.  He demands that the convictions in both cases be

vacated due to these "miscarriages of justice."

These Section 2255 claims must be addressed with the sentencing courts.  *See Taylor v.*

*U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*,

106 F.3d 680, 683 (5th Cir. 1997).  Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of
> the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a).   Consequently, petitioner must file his Section 2255 claims in the Southern

and Eastern Districts of Texas.

The court notes that, even if petitioner had included any Section 2241 claims, this District

would equally lack jurisdiction to consider them.  As noted, a petitioner's "immediate custodian"

is the proper respondent in a Section 2241 action.  *See Rumsfield v. Padilla*, 542 U.S. 426, 434–

35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate

defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*,

864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)).  "[A] district court may not entertain a habeas

petition involving present physical custody unless the respondent custodian is within its territorial

jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  Therefore,

any Section 2241 claims must be raised in the United States District Court for the Eastern District of Texas, where petitioner is currently incarcerated.

Because petitioner has no recourse in this court, the petition, ECF No. 1, is dismissed without prejudice.  Furthermore, while petitioner's IFP application was pending, he submitted the $5 filing fee applicable to habeas corpus actions.  Consequently, the IFP application is denied as moot. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Dated: May 12, 2022